**Jocelyn Alba APELO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73175.

Agency No. A70–046–490.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 16, 2004.

Susan E. Hill, Law Offices of Susan E. Hill, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC-District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Carl H. McIntyre, Jr., U.S. Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Jocelyn Alba Apelo, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") decision denying her request for a further continuance and finding her excludable for having entered the United States without a valid, unexpired immigrant visa or other document permitting her entry. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for abuse of discretion the denial of a request for continuance. *Baires v. INS*, 856 F.2d 89, 91 (9th Cir.1988). We deny the petition for review.

The IJ did not abuse his discretion in denying Apelo's request for a continuance of her exclusion proceedings pending an appeal of the denial of her request for adjustment of status, because the IJ had already granted thirteen continuances for that purpose and Apelo presented no evidence that a further continuance would benefit her. Moreover, even if the continuance were granted, adjustment of status, the relief Apelo ultimately sought, was unavailable from the IJ. *See* 8 C.F.R. § 245.2.

Apelo's contention that the BIA's summary affirmance procedure violates due process is foreclosed by our decision in

*Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

We do not separately consider Apelo's contention that the BIA erred by streamlining her case. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078 (9th Cir. 2004) (explaining that the merits and the decision to streamline ordinarily collapse into one another).

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

